UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
OTIS L.,

                              Plaintiff,          DECISION AND ORDER
                                                  1:24-cv-04347-GRJ

          v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

       In April of 2022, Plaintiff Otis L.[1] applied for Disability Insurance

Benefits under the Social Security Act. The Commissioner of Social

Security denied the application.  Plaintiff, represented by Harold

Skovronsky, Esq., commenced this action seeking judicial review of the

Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383

(c)(3).  The parties consented to the jurisdiction of a United States

Magistrate Judge. (Docket No. 14).

       This case was referred to the undersigned on December 13, 2024.

Presently pending is Plaintiff's Motion for Judgment on the Pleadings

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 9). For the following reasons, Plaintiff's motion is due to be denied, the Commissioner is granted judgment on the pleadings, and this case is dismissed.

## I. BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on April 7, 2022, alleging disability beginning May 29, 2019. (T at 211-19).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on June 13, 2023, before ALJ Robert Gonzalez. (T at 32-52). Plaintiff appeared with an attorney and testified. (T at 36-46). The ALJ also received testimony from Jewel Euto, a vocational expert. (T at 46-51).

### B.    ALJ's Decision

On August 7, 2023, the ALJ issued a decision denying the application for benefits. (T at 14-31).  The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2022 (the date last insured). (T at 19)  The ALJ determined that Plaintiff did not

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

engage in substantial gainful activity between May 29, 2019 (the alleged onset date) and the date last insured. (T at 19).

The ALJ concluded that, as of the date last insured, Plaintiff's status-post arthroscopic surgery in right shoulder; cervical spine degenerative disc disease; lumbar spine degenerative disc disease; bilateral knee derangement; left shoulder derangement; bilateral hip strain; carpal tunnel syndrome; peripheral neuropathy; and diabetes mellitus were severe impairments as defined under the Act. (T at 19).

However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 20-22).

At step four of the sequential analysis the ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: he can occasionally climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; occasionally stoop, kneel, crouch, and crawl; occasionally flex, extend, and rotate his neck; frequently handle and finger bilaterally; frequently reach in all directions with the left non-dominant upper extremity; and must use a cane to ambulate. (T at 20).

The ALJ concluded that, as of the date last insured, Plaintiff could not perform his past relevant work as an apartment maintenance person. (T at 25).

However, considering Plaintiff's age (46 on the date last insured), education (at least high school), work experience, and RFC, the ALJ determined that, as of the date last insured, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (T at 25-26).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between May 29, 2019 (the alleged onset date) and September 30, 2022 (the date last insured). (T at 27).

On May 9, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on June 7, 2024. (Docket No. 1).  On September 26, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 9, 10).  The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings, on December 9, 2024. (Docket No. 12).

## II.  APPLICABLE LAW

A.    *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec*.,

562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is
> currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has
> a "severe impairment" which limits his or her mental or physical
> ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner
> must ask whether, based solely on medical evidence, claimant
> has an impairment listed in Appendix 1 of the regulations. If the
> claimant has one of these enumerated impairments, the
> Commissioner will automatically consider him disabled, without
> considering vocational factors such as age, education, and
> work experience.
>
> 4. If the impairment is not "listed" in the regulations, the
> Commissioner then asks whether, despite the claimant's severe
> impairment, he or she has residual functional capacity to
> perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the
> Commissioner then determines whether there is other work
> which the claimant could perform.

See Rolon v. Commissioner of Soc. Sec., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); see also 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. See Green-Younger v.

Barnhart, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of his request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence.  Second, Plaintiff challenges the ALJ's assessment of his subjective complaints.  The Court will address both arguments in turn.

### A.    RFC

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).  When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

Here, as referenced above, the ALJ determined that, as of the date last insured, Plaintiff retained the RFC to perform a reduced range of sedentary work, as defined in 20 CFR 404.1567 (a). (T at 20).

Plaintiff argues that the ALJ's assessment of his ability to meet the physical demands of basic work activity is not supported by substantial evidence.  For the following reasons the Court finds Plaintiff's argument unavailing.

First, the ALJ conducted a careful review of the record and reasonably concluded that Plaintiff had significant physical limitations but retained the ability to perform some sedentary work.

The ALJ recognized that Plaintiff underwent shoulder and lumbar spine surgery, and had restricted range of motion in the neck, back, left shoulder, and knees, but also displayed normal strength and gross motor function. (T at 23-24, 559-60, 624-25, 628-29, 632-33, 636-37, 640-41, 861-62, 903-04, 921, 926-27).  Plaintiff also consistently demonstrated intact and stable gait on examination. (T at 22, 416, 625, 629, 637, 862).

Dr. Kautilya Puri performed a consultative examination in June of 2022.  Dr. Puri reported that Plaintiff displayed normal gait; could stand on heels and toes and rise from a chair without difficulty; had decreased range of motion in the lumbar spine; but demonstrated full strength in the upper

9

and lower extremities, full grip strength, and intact hand and finger dexterity. (T at 24, 852-53).

Second, the ALJ reasonably reconciled the medical opinion evidence, which provides additional support for the RFC determination.

In June of 2022, Dr. Puri, the consultative examiner, opined that Plaintiff had no objective limitation with respect to fine or gross motor activities; no limitation as to gait or activities of daily living; and moderate impairment as to squatting, bending, stooping, kneeling, and lifting weight. (T at 854).

In July of 2022, Dr. K. Gallagher, a non-examining State Agency review physician, opined that Plaintiff could perform a range of light work, except that he could only occasionally climb ramps, stairs, ladders, ropes, and scaffolds, and occasionally stoop, kneel, crouch, and crawl. (T at 67-69).  In October of 2022, Dr. R. Abueg, another State Agency review physician, reached the same assessment. (T at 83-85).

The ALJ found these opinions partially persuasive.  (T at 23-24).  The ALJ concluded that Plaintiff was more limited than the consultative examiners and State Agency review physicians believed. (T at 23-24).  As discussed above, the ALJ reasonably reconciled the record, which showed significant treatment (including surgeries) and clinical findings of limitation

and pain, along with generally normal findings related to gait, strength, and motor function.

The Court finds no error in the ALJ's conclusion that Plaintiff was somewhat more limited than the medical opinion evidence suggested, but not so limited as to be considered disabled within the meaning of the Social Security Act. *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original) (collecting cases); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

Plaintiff points to other medical opinions in the record, noting that they suggest greater impairment than the RFC determination and arguing that the ALJ should have afforded them more persuasive power.

In May of 2020 and December of 2021, Dr. Larisa Bruma described Plaintiff as "100% temporarily impaired." (T at 329, 642). In December of 2022, Dr. Richard Badke likewise characterized Plaintiff as "100% temporarily impaired." (T at 887).

These statements have little evidentiary weight, however, because "decisions by other governmental agencies and nongovernmental entities, disability examiner findings, and statements on issues reserved to the Commissioner (such as statements that a claimant is or is not disabled) … '[are] inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled.'" *Cory W. v. Comm'r of Soc. Sec.*, No. 20 Civ. 1424, 2021 WL 5109663, at *4 (W.D.N.Y. Nov. 3, 2021); *see also Morgan v. Comm'r of Soc. Sec.*, No. 20CIV7124NSRPED, 2022 WL 1051177, at *8 (S.D.N.Y. Jan. 27, 2022), *report and recommendation adopted*, No. 20CV7124NSRPED, 2022 WL 704013 (S.D.N.Y. Mar. 9, 2022).

It is well established that "whether [plaintiff] qualifies as disabled under the statute is a decision reserved to the Commissioner." *LaValley v. Colvin*, 672 F. App'x 129, 130 (2d Cir. 2017) (citation and quotation marks omitted); *see also Snell v. Apfel*, 177 F.3d 128, 133-34 (2d Cir. 1999) ("The final question of disability is ... expressly reserved to the Commissioner.").

Plaintiff also asserts that further development of the record was warranted, as the ALJ did not find any of the medical opinions fully persuasive.

Notably, however, the ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided

the ALJ's overall assessment is supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

Here, as discussed above, the ALJ's RFC determination is supported by a reasonable reading of the record and appropriate consideration of the medical opinion evidence

Plaintiff offers an alternative reading of the record and different weighing of the medical opinions.

Nonetheless, for the reasons discussed above, the Court finds the ALJ's decision supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec*., No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

B.    *Subjective Complaints*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted).

Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other

factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

Here, Plaintiff testified as follows: He was 47 years old as of the administrative hearing in June of 2023 and performed past relevant work as a maintenance person for the Peekskill Housing Authority. (T at 36-37).  He has not worked since sustaining multiple injuries in an automobile accident, which required surgery on his spine and left shoulder. (T at 38-40).  Plaintiff continues to experience pain and limitation in his left shoulder and arm. (T at 38-39).  He also has back, knee, and hip pain when lifting, walking, and bending. (T at 40).  He uses a cane to walk. (T at 40-41).  He experiences headaches and occasional numbness in his extremities due to diabetes. (T at 42).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but

concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not supported by the record. (T at 22).

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints supported by substantial evidence and consistent with applicable law. Here's why.

First, the ALJ found Plaintiff's complaints of disabling pain and limitation not fully consistent with the treatment record, which (as discussed above) the ALJ reasonably read as documenting some degree of pain and limitation, but generally containing normal findings related to gait, strength, and motor function.  (T at 22-24).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, although the ALJ did not find any of the medical opinions fully persuasive, the fact that the consultative examiner and both State Agency review physicians assessed less than disabling limitations provides additional support for the ALJ's decision to discount the subjective complaints. *See McLaughlin v. Sec'y of Health, Educ. & Welfare,* 612 F.2d 701, 705 (2d Cir. 1980) (The "ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.")*; DeJesus v. Colvin,* 12 Civ. 7354, 2014 U.S. Dist. LEXIS 22238, at *63 (S.D.N.Y. Jan. 23, 2014) ("[T]he ALJ properly chose to give little weight to [claimant's] unsupported complaints and claims given that he analyzed them in light of the objective medical evidence in the record."); *see also Penfield v. Colvin,* 563 F. App'x 839, 840 (2d Cir. 2014).

Lastly, the ALJ found Plaintiff's activities of daily living inconsistent with his complaints of disabling symptoms.  (T at 22).  The ALJ noted that Plaintiff was able to attend to self-care, perform basic household chores, take public transportation, and engage in leisure activities, albeit with some degree of pain and limitation. (T at 22).

Although ALJs must be careful not to overinterpret a claimant's ability to perform limited tasks as evidence of the ability to maintain full-time,

competitive, remunerative work, the applicable regulations expressly permit

consideration of the claimant's "daily activities" when assessing subjective

complaints. *See* 20 C.F.R. § 404.1529(c)(3)(i). A claimant's "normal range

of activities" may be relied upon as evidence that the claimant "retains a

greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539

(AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7,

2020)(citation omitted).

Moreover, "[e]vidence that a plaintiff is capable of participating in

various activities of daily living despite allegations of severe pain can

support a determination that a plaintiff can perform sedentary work." *Niven*

*v. Barnhar*t, 03 Civ. 9359 (DLC), 2004 U.S. Dist. LEXIS 17337, at *19

(S.D.N.Y. Sept. 1, 2004)(citing *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir.

1980)); *see also Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir.

2010)(affirming ALJ's credibility determination in light of "substantial

evidence … showing that [claimant] was relatively 'mobile and functional,'

and that … allegations of disability contradicted the broader evidence");

*Ashby v. Astrue*, No. 11 Civ. 02010, 2012 U.S. Dist. LEXIS 89135, at *43-

44 (S.D.N.Y. Mar. 27, 2012)("As it appears that, in making his credibility

assessment, the ALJ appropriately considered Plaintiff's ability to engage in

certain daily activities as one factor, among others suggested by the

regulations, this Court finds no legal error in this aspect of the ALJ's analysis.").

There is no question that Plaintiff suffers from pain and limitation. The ALJ did not dismiss Plaintiff's subjective complaints and, instead, found him limited to a reduced range of sedentary work. (T at 20).

However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment notes and clinical assessments, an appropriate reconciliation of the medical opinion evidence, and proper consideration of the activities of daily living. This is sufficient to sustain the disability determination under the deferential standard of review applicable here. *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the

objective medical evidence fails to support her claims of total disability based on pain").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is DENIED; the Commissioner is GRANTED Judgment on the Pleadings; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: January 15, 2025                    *s / Gary R. Jones*
                                            GARY R. JONES
                                            Unted States Magistrate Judge